UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 11-10157-MLW |
| ) | |
| 2. TIMOTHY REARDON, ) | |
| Defendant. ) | |
| ) | |

## PRELIMINARY ORDER OF FORFEITURE

**WOLF, D.J.**

WHEREAS, on April 26, 2011, the United States Attorney for the District of Massachusetts filed a two-count Information charging defendant Timothy Reardon (the "Defendant") and others with Illegal Gambling Business - Sports Betting, in violation of 18 U.S.C. §§ 1955 and 2 (Count One); and Obstruction of State or Local Law Enforcement, in violation of 18 U.S.C. § 1511 (Count Two)1;

WHEREAS, the Information also contained forfeiture allegations, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense in violation of 18 U.S.C. § 1955, of (a) any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and (b) any property, including money, used in violation of 18 U.S.C. § 1955, pursuant to 18 U.S.C. § 1955(d), such property specifically included, without limitation:

    a.    at least $750,000 in United States currency;

---

[1] The Defendant was not charged in Count Two of the Information.

    b.    $17,000 in United States currency seized from 6741 Northwest 45th Terrace, Coconut Creek, Florida on or about January 10, 2009; and

    c.    $1,580 in United States currency seized from 11 Captain Murphy Way, Barnstable, Massachusetts;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of this Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p);

WHEREAS, on June 1, 2011, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant pled guilty to Count One of the Information, pursuant to a written plea agreement that he signed on July 22, 2010;

WHEREAS, in Section 12 of the plea agreement, the Defendant agreed to forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 1955(d) as a result of his guilty plea;

WHEREAS, the Defendant specifically agreed to forfeit $1,580 in United States currency seized from 11 Captain Murphy Way, Barnstable, Massachusetts (the "Currency");

WHEREAS, Defendant admitted that the Currency is subject to forfeiture because it "(a) constitutes or is derived from proceeds traceable to his violations of 18 U.S.C. § 1955, and/or (b) was used in violation of 18 U.S.C. § 1955";

2

WHEREAS, the Defendant, therefore, consented to the forfeiture of all of his interests in the Currency;

WHEREAS, in light of the Defendant's guilty plea and admissions in his plea agreement, the United States has established the requisite nexus between the Currency and the offense to which the Defendant pled guilty, and accordingly, the Currency is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 18 U.S.C. § 1955(d); and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 1955(d) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the Currency and the offense to which the Defendant pled guilty.

2. Accordingly, all of the Defendant's interests in the Currency are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 18 U.S.C. § 1955(d).

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Currency and maintain it in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 1955(d), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of

Forfeiture and notice of the United States' intent to dispose of the Currency.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 1955(d), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Currency to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 1955(d), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Currency, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Currency, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 1955(d), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Currency.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. §§ 981, 1955 and 28 U.S.C. § 2461 and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ Mark L. Wolf
MARK L. WOLF
Senior United States District Judge

Dated: April 29, 2013